UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER STORCH,

    Plaintiff,

v.                                                        Case No. 8:23-cv-286-AAS

MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

    Christopher Storch requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). (Doc. 22). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **REMANDED** for further consideration.

**I.    PROCEDURAL HISTORY**

    Mr. Storch applied for DIB and SSI on July 8, 2020, with an alleged

---

[1] On December 20, 2023, Martin O'Malley became the Commissioner of the Social Security Administration.

1

disability onset date of May 9, 2017. (Tr. 451). Disability examiners denied Mr. Storch's application initially and after reconsideration. (Tr. 124, 125, 127, 128–47). Mr. Storch requested a hearing, which was held on July 29, 2021, and the ALJ issued a partially favorable decision. (Tr. 148–72). Mr. Storch requested review of the ALJ's decision, and the Appeals Council remanded the case to the ALJ for further proceedings. (Tr. 173–85, 434–36). A second hearing was held on May 23, 2022. Following the hearing, the ALJ issued an unfavorable decision to Mr. Storch. (Tr. 14–41). The Appeals Council denied Mr. Storch's request for review, making the ALJ's decision final. (Tr. 1–11). Mr. Storch now requests judicial review of the Commissioner's decision. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  Background

Mr. Storch was 27 years old at the time of the ALJ's decision. (Tr. 32, 491). Mr. Storch has a limited education and past relevant work experience as a maintenance cleaner. (Tr. 32, 496). Mr. Storch alleges disability due to: generalized anxiety disorder; panic attacks; high blood pressure; chronic fatigue weakness; muscle spasms; anti-social disorder; agoraphobia; and obesity. (Tr. 495).

**B.    Summary of the Decision**

The ALJ must follow five steps when evaluating a claim for disability.[2] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[3] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[4] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national

---

[2] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[3] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Mr. Storch had not engaged in substantial gainful activity since May 9, 2017, the alleged onset date. (Tr. 20). The ALJ found Mr. Storch has these severe impairments: panic disorder and anxiety. (*Id.*). However, the ALJ concluded Mr. Storch's impairments or combination of impairments failed to meet or medically equal the severity of an impairment in the Listings. (Tr. 22).

The ALJ found Mr. Storch had an RFC to perform a full range of work at all exertional levels, with these non-exertional limitations:

> [Mr. Storch] is limited to simple, routine, "low stress" tasks, defined as work not performed at a high production pace or requiring strict production quotas and work not involving negotiation, conflict resolution, directing the work of others, or being responsible for the safety and welfare of others as the primary function of the job. He can tolerate no more than routine workplace changes and occasional interaction with coworkers and the public.

(Tr. 25).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Storch could not perform his past relevant work. (Tr. 32). However, the VE testified that an individual with Mr. Storch's age, education, work experience, and RFC could perform other jobs that exist in significant numbers in the national economy. (*Id.*). Specifically, Mr. Storch

---

[4] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

can perform the jobs of wharf worker, burlap roll coverer, and fish/egg packer. (Tr. 33). As a result, the ALJ concluded Mr. Storch was not disabled. (*Id.*).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted).

5

Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.   Issues on Appeal

Mr. Storch raises three issues on appeal: (1) whether the ALJ properly considered the medical opinions of Dr. Lawrence Annis and Dr. Sara Malowitz; (2) whether the ALJ properly considered Mr. Storch's combination of impairments; and (3) whether the ALJ properly considered Mr. Storch's subjective complaints and the statements made by Mr. Storch's aunt. Because remand is appropriate as to the first issue, the court's analysis starts—and ends—with consideration of the first issue.

### 1.   Whether the ALJ properly considered the medical opinions of Dr. Annis and Dr. Malowitz.

Mr. Storch argues the ALJ failed to properly consider the medical opinions of Dr. Annis and Dr. Malowitz. (Doc. 22, pp. 3–16). In response, the Commissioner contends the ALJ properly considered the medical opinion evidence in reaching his RFC determination. (Doc. 26, pp. 5–15).

The revised regulations explain that an ALJ will not "defer or give any specific evidentiary weight, including controlling weight, to any medical

6

opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The new regulatory scheme "forbids administrative law judges from 'defer[ring] or giv[ing] any specific evidentiary weight, including controlling weight, to any medical opinion(s),'" *Harner v. Social Security Admin., Comm'r*, 38 F.4th 892, 898 (11th Cir. 2022), and an ALJ does not have to "explain why good cause exists to disregard the treating source's opinion." *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at \*4 (11th Cir. Jan. 10, 2022). The ALJ must now determine the persuasiveness of medical opinions by considering supportability, consistency, treatment relationship, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(c)(5). The ALJ must articulate how the supportability and consistency factors were considered for a medical source's opinions or prior administrative medical findings, but an ALJ need not articulate how the remaining factors were considered unless there are equally persuasive medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The ALJ considered Dr. Malowitz's evaluation, including a statement that Mr. Storch's symptoms "appear to be severely impacting activities of daily living, vocational performance, and interpersonal interactions." (Tr. 31, 711). In discounting this statement, the ALJ noted that this conclusion is

7

unsupported by Dr. Malowitz's own examination. (Tr. 31). Specifically, the ALJ pointed to Dr. Malowitz's notes from the examination "which revealed proper dress, proper grooming, proper hygiene, good eye contact, cooperation, normal behavior, proper alertness and orientation, no tremors, normal speech, average intelligence, and demonstrated abilities to perform verbal math calculations, recall two of three objects after a delay, perform serial seven calculations, and spell 'world' backward." (Tr. 31, 708–10). The ALJ does not articulate how any of the noted observations are unsupportive of Dr. Malowitz's conclusion that Mr. Storch's symptomology from anxiety and agoraphobia are impacting his life, including his vocational abilities.

Evidence of Mr. Storch's proper hygiene and general intelligence is not necessarily unsupportive of a finding of debilitating anxiety and agoraphobia. "[I]t is not inconsistent—or even that unlikely—that a patient with a highly disruptive mood disorder, in a structured one-on-one conversation with a mental-health professional, might be capable of being redirected from his tangential thought processes so as to remain on topic." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1263 (11th Cir. 2019). In fact, none of the highlighted observations are mutually exclusive with either anxiety or agoraphobia, and each observation could well exist within a person with extreme anxiety or agoraphobia. *See Erik H. v. Comm'r Soc. Sec. Admin.*, No. 3:22-CV-01270-AR, 2024 WL 578809, *3 (D. Or. Feb. 13, 2024) ("[F]air insight

8

and judgment are not valid inconsistencies because they do not contradict plaintiff's symptoms."). The ALJ did not adequately explain how Dr. Malowitz's opinion was unsupported by the record. *See Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000) ("For a person [] who suffers from an affective or personality disorder marked by anxiety, the work environment is completely different from home or a mental health clinic.").

The ALJ further found Dr. Malowitz's statement regarding the "severe[] impact[]" of Mr. Storch's symptoms to be inconsistent with prior therapy records that showed no panic attacks, improvement in social activities, and improvement in anxiety with medication management. (Tr. 31, 55, 660). The ALJ fails to adequately explain how the record is inconsistent with Dr. Malowitz's opinion. The ALJ points to testimony where Mr. Storch stated, "I used to see a counselor, [] but she helped me get *some* better control, *at the time* . . . I felt I could stop seeing her, *at the time*." (Tr. 55). Mr. Storch then testified he has panic attacks, on average, once a week, some of which can last an entire day. (Tr. 56). Mr. Storch elaborated, "that's the main reason I stopped working . . . I was starting to have day long panic attacks. I couldn't [] work, let alone leave the house." (Tr. 56–57). Substantial evidence does not support the ALJ's rejection of Dr. Malowitz's conclusion on the impact of Mr. Storch's symptoms. *See Richey v. Soc. Sec. Admin., Comm'r*, No. 22-11595, 2023 WL 4013525, *3 (11th Cir. June 15, 2023) ("[N]ormal

9

thought content, eurythmic mood, and logical thought process, and his improvements on medications [] is an insufficient basis to reject a treating physician's opinions.").

The ALJ focused mostly on the mental status evaluation and largely ignored Dr. Malowitz's other examination notes, such as, "[Mr. Storch] worries about having further attacks. He attempts to stay in the house as much as he can due to fear about having panic attacks." (Tr. 709). Dr. Malowitz goes on to report, "[t]he current level of mental health symptoms would best be characterized as severe," and "[Mr. Storch] cannot complete the shopping due to significant anxiety," and "the job ended because his panic attacks worsened." (Tr. 709).

Discounting these notes, the ALJ focused seemingly solely on the mental status evaluation and did not give proper reasons to discount the rest of Dr. Malowitz's examination notes. The ALJ must explain why those findings by Dr. Malowitz were unsupported or inconsistent, especially in this case where the mental status evaluation is not inconsistent with the rest of Dr. Malowitz's report. *See Schink*, 935 F.3d at 1263 ("[I]t was insufficient for the ALJ to point to positive or neutral observations that created, at most, trivial and indirect tensions with the treating physician's opinion by showing that the claimant's impairments were merely not all-encompassing."). Accordingly, substantial evidence does not support the ALJ's discounting of

10

Dr. Malowitz's opinion, and remand is required.

Two points bear mention. First, the Commissioner notes "Plaintiff's reliance on cases involving claims [] dealing with the 'treating physician' standard are not applicable to the ALJ's consideration of Plaintiff's current claims." (Doc. 26, p. 6). The above-mentioned cases of *Schink*, *Morales*, and *Richey* are all cases that were decided under the treating physician standard. The undersigned finds these cases instructive only insofar as their analysis of how ALJ's can misalign certain facts as discrepancies in a claimant's mental health records, not for the standard they employed at the time. Second, Mr. Storch argues the ALJ did not properly account for Dr. Annis's "moderate limitations" findings in the Part B criteria in reaching the RFC determination. (Doc. 22, p. 15). On remand, the ALJ should reassess both Dr. Malowitz's and Dr. Annis's medical opinions, and any other medical opinions deemed necessary.

**2. Remaining Issues**

Considering the above findings, the court need not address this remaining claim of error. *See, e.g., Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is

11

required and such issues will likely be reconsidered in the further proceedings); *Francis v. Saul*, No. 8:18-CV-2492-T-SPF, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (holding that the plaintiff's remaining issues need not be addressed because the case is being remanded to the Commissioner); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017) (finding it appropriate to pretermit discussion of two other contentions raised by the claimant because of a remand, which would generate a new decision).

On remand, the Commissioner should reassess the entire record, including the medical opinion evidence, and provide sufficient evidentiary support for his decision.

### IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the Plaintiff.

**ORDERED** in Tampa, Florida on March 27, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge